IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNETTE JOHNSON, | |
| Plaintiff, | No. 02-4424 |
| v. | |
| KRAFT FOODS, INC., | Judge Surrick |
| Defendant. | FILED AUG 23 2002 |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Kraft Foods North America, Inc. ("Defendant"), answers Plaintiff's Complaint as follows:

1. The Plaintiff, Annette Johnson, is an adult individual residing at 401 North Fenwick Street, Allentown, Lehigh County, Pennsylvania 18109.

ANSWER: Defendant admits that Plaintiff is an adult individual and that the last address given by Plaintiff to Defendant as to her residence is as stated, except for her zip code, which she stated to be 18103. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation(s) of this paragraph.

2. The Defendant, Kraft Foods, Inc., is a business corporation believed to be organized under the laws of the Commonwealth of Pennsylvania with offices at 7352 Industrial Boulevard, Allentown, Lehigh County, Pennsylvania 18106.

ANSWER: Defendant admits that it operates a plant at the location specified. Except as specifically admitted, Defendant denies the allegations of this paragraph.

3.   This Honorable Court has jurisdiction over this matter pursuant to Title III of the Civil Rights Act of 1964, as amended [Title VII], 42 U.S.C. §2000(e) et seq.

ANSWER:   Defendant denies the allegations of this paragraph.

4.   All conditions precedent to jurisdiction under 42 U.S.C. §2000(e) – 5(f) have occurred or been complied with, to wit, Plaintiff filed a charge of employment discrimination with the Equal Employment Opportunity Commission [hereinafter "E.E.O.C."], within 180 days of the unfair employment practice; a Notification of Right to Sue dated May 9, 2002, was received from the E.E.O.C. on or about May 12, 2002; Plaintiff is filing a Complaint within 90 days of receipt of the Notification of the Right to Sue.

ANSWER:   Defendant admits that Plaintiff filed a Charge of Discrimination with the EEOC within 180 days of the date on which certain of Plaintiff's allegations of discrimination are alleged to have occurred; that the EEOC issued a no-probable-cause finding and Dismissal and Notice of Rights dated May 9, 2002, as to Plaintiff's allegations of discrimination; and that Plaintiff filed this suit within ninety days of her receipt of that Notice.  Defendant is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegation that she received the Dismissal and Notice of Rights on or about May 12, 2002.  Except as specifically admitted, Defendant denies the allegations of this paragraph.

5.   Defendant is an employer within the meaning of Title VII in that it is engaged in an industry that affects commerce and employs more than fifteen employees for such [sic] working day in each twenty [sic] or more calendar weeks in the current or preceding calendar year.

ANSWER:   Defendant admits that it is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6.   At all times herein relevant, Defendant significantly affected or controlled Plaintiff's access to employment at Defendant's place of business.

ANSWER: Defendant does not understand what Plaintiff means by this allegation and is therefore unable to either admit or deny it.

7. During 1987, Defendant hired Plaintiff to work as a security guard at Defendant's aforesaid premises.

ANSWER: Defendant admits that it hired plaintiff in 1987. Except as specifically admitted, Defendant denies the allegations of this paragraph.

8. At all times herein relevant, Plaintiff maintained an excellent work and performance record while serving Defendant diligently and professionally.

ANSWER: Defendant denies the allegations of this paragraph.

## COUNT ONE

9. The allegations of Paragraph 1 though 8 and incorporated herein as if fully set forth at length.

ANSWER: Defendant incorporates by reference its answers to paragraphs 1- 8.

10. Plaintiff is African American.

ANSWER: Defendant admits the allegations of this paragraph.

11. On November 24, 1998, Defendant terminated Plaintiff allegedly due to Plaintiff's race.

ANSWER: Defendant denies the allegations of this paragraph, except it admits that on November 24, 1998, it terminated Plaintiff's employment.

12.	On about January 20, 1999, Plaintiff filed a Charge of Discrimination against Defendant with the E.E.O.C., due to Defendant's alleged racial discrimination against Plaintiff.

ANSWER:	Defendant admits that on or about January 20, 1999, Plaintiff filed a Charge of Discrimination with the EEOC alleging race discrimination. Except as specifically admitted, Defendant denies the allegations of this paragraph.

13.	Thereafter, Defendant returned Plaintiff to Plaintiff's employment position with Defendant.

ANSWER:	Defendant admits that it returned Plaintiff to her employment position with Defendant. Except as specifically admitted, Defendant denies the allegations of this paragraph.

14.	At all relevant times, Plaintiff continued to work diligently and professionally for Defendant during almost fourteen years of service.

ANSWER:	Defendant denies the allegations of this paragraph.

15.	On about August 17, 2001, Defendant intentionally, arbitrarily, and capriciously again terminated Plaintiff's employment due to animus against her based upon race and/or in retaliation for her filing and E.E.O.C. charge against Defendant.

ANSWER:	Defendant denies the allegations of this paragraph, except it admits that it terminated Plaintiff's employment on August 17, 2001.

16.	As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and commissions, and earning in excess of Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER:	Defendant denies the allegations of this paragraph.

17. As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff has suffered damages due to loss of future income, benefits, commissions, earnings and earnings capacity in excess of Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

18. As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff suffered mental anxiety, anguish, humiliation and sleeplessness, which damages exceed Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

19. Plaintiff seeks reinstatement to Plaintiff's former or a comparable position together with back pay, compensatory, and other damages set forth herein.

ANSWER: Defendant admits that Plaintiff may be seeking the relief identified, but denies that Plaintiff is entitled to such relief.

20. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damaged in excess of Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

COUNT TWO

21. The allegations of Paragraphs 1 through 20 inclusive are hereby incorporated as if fully set forth at length.

ANSWER: Defendant incorporates by reference its answers to paragraphs 1-20.

22. Plaintiff is female.

ANSWER: Defendant admits the allegations of this paragraph.

23. On about August 17, 2001, Defendant intentionally, arbitrarily and capriciously terminated Plaintiff due to animus against her based upon her gender and/or in retaliation for Plaintiff's filing an E.E.O.C. Charge against Defendant.

ANSWER: Defendant denies the allegations of this paragraph, except it admits that it terminated Plaintiff's employment on August 17, 2001.

24. As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff has suffered damages due to loss of past income, benefits and commissions, and earnings in excess of Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

25. As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff has suffered damages due to loss of future income, benefits, commissions, earnings and earnings capacity in excess of Seventy-Five ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

26. As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff has suffered mental anxiety, anguish, humiliation and sleeplessness which damages exceed Seventy-Five ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

27. Plaintiff seeks reinstatement to Plaintiff's former or a comparable position together with back pay, compensatory, and other damages set forth herein.

ANSWER: Defendant admits that Plaintiff may be seeking the relief identified, but denies that Plaintiff is entitled to such relief.

28. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregarding of Plaintiff's rights, entitling Plaintiff to punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

## COUNT THREE

29. The allegations of Paragraphs 1 through 28 inclusive are incorporated herein as if fully set forth at length.

ANSWER: Defendant incorporates by references its answers to paragraph 1 - 28.

30. On about August 17, 2001, Defendant intentionally, arbitrarily, and capriciously terminated Plaintiff's employment, in violation of Title VII, as set forth herein.

ANSWER: Defendant denies the allegations of this paragraph except it admits that it terminated Plaintiff's employment on August 17, 2001.

31. At all times herein relevant, the terms and conditions of Plaintiff's employment entitled Plaintiff to a severance package upon her termination of employment with Defendant.

ANSWER: Defendant denies the allegations of this paragraph.

32. After Defendant's termination of employment [sic], Defendant intentionally, arbitrarily, capriciously, and retaliatory refused to pay Plaintiff her accrued severance unless Plaintiff signed a release waiving her right to file with the E.E.O.C. charges against Defendant.

ANSWER: Defendant denies the allegations of this paragraph.

33. Defendant's intentional, discriminatory, and retaliatory denial of Plaintiff's accrued severance pay without a Release violates Title VII.

ANSWER: Defendant denies the allegations of this paragraph.

34. As a direct and proximate result of Defendant's invidiously discriminatory and retaliatory actions, as aforesaid, Plaintiff has not received her accrued revenue package.

ANSWER: Defendant denies the allegations of this paragraph, except to state that Plaintiff did not receive severance pay.

35. Plaintiff seeks reinstatement to Plaintiff's former or a comparable position together with back pay, compensatory, and other damages set forth herein.

ANSWER: Defendant admits that Plaintiff may be seeking the relief identified, but denies that Plaintiff is entitled to such relief.

36. Defendant's aforesaid actions were outrageous, egregious, malicious, intentional, willful, wanton and in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages in excess of Seventy-Five Thousand ($75,000.00) Dollars.

ANSWER: Defendant denies the allegations of this paragraph.

37. As a matter of law, a Defendant cannot deny a plaintiff his/her accrued severance package because the employee is refusing to sign a Release of her federal civil rights protection.

ANSWER: Defendant denies the allegations of this paragraph.

## AFFIRMATIVE AND/OR ADDITIONAL DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claim is barred, in whole or in part, by the applicable limitations period(s).

### Third Defense

Plaintiff has not satisfied the statutory and administrative prerequisites to bringing suit.

<u>Fourth Defense</u>

Defendant undertook good faith efforts to comply with Title VII, including by making good faith efforts to enforce an anti-discrimination policy, thus barring Plaintiff's claim for punitive damages.

<u>Fifth Defense</u>

Even if it were determined that Defendant impermissibly considered Plaintiff's race, gender, or filing of a charge of discrimination in its decision to take an employment action with respect to Plaintiff, it nevertheless would have taken the same action in the absence of the impermissible motive, thus barring Plaintiff's claim in whole or in part.

<u>Sixth Defense</u>

There is no basis in law or fact on which Plaintiff is entitled to recover damages, including punitive damages, against Defendant.

<u>Seventh Defense</u>

Plaintiff's claim for damages is barred to the extent she failed to mitigate those damages.

WHEREFORE, Defendant respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing Plaintiff's Complaint in its entirety with prejudice, awarding Defendant its reasonable attorneys fees, costs, and disbursements, and granting such other and further relief as the Court may deem just and proper.

Dated: August 22, 2002

Respectfully submitted,

KRAFT FOODS NORTH AMERICA, INC.

_____
One of its Attorneys

Timothy C. Klenk
Christian M. Poland
Ross & Hardies
150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60601-7567
312-558-1000
312-750-8600 [fax]

Nancy Conrad
Fitzpatrick Lenz & Bubba, P.C.
4001 Schoolhouse Lane
P.O. Box 219
Center Valley, PA 18034-0219
610-797-9000
610-797-6663 [fax]

CERTIFICATE OF SERVICE

    I, Christian Poland, certify that I caused the foregoing *Defendant's Answer to Plaintiff's Complaint* to be served upon the following individual by first class mail, postage prepaid, on August 22, 2002:

        Richard J. Orloski
        Orloski, Hinga, Pandaleon & Orloski
        111 N. Cedar Crest Blvd.
        Allentown, PA 18104

                                        _____
                                        Christian M. Poland